# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| P+P Freight Forwarding, Inc., | Bankruptcy No. 18-28250 |
| Debtor. | Honorable Timothy A. Barnes |

## NOTICE OF MOTION

**Please take notice** that on **Wednesday, June 19, 2019, at 10:00 A.M.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Timothy A. Barnes, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 744 at the Everett McKinley Dirksen Federal Building at 219 South Dearborn Street, Chicago, Illinois, or any other judge sitting in his place and stead, and then and there present the attached **Motion for Relief From Stay**, a copy of which is attached hereto and herewith served upon you.

Dated: June 14, 2019                 **All-Star Delivery Systems, Inc.**

                                              By: */s/ Elizabeth Peterson*
                                              One of Its Attorneys

William J. Factor (6205675)
Elizabeth Peterson (6294546)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-6976
Fax: (847) 574-8233
Email: epeterson@wfactorlaw.com

{00143515}                      1

## CERTIFICATE OF SERVICE

    I, Elizabeth Peterson, an attorney, hereby certify that on June 14, 2019, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion for Relief From Stay* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on the Debtor.

                                                                */s/ Elizabeth Peterson*

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

| | |
|---|---|
| **Eugene Crane** | ecrane@cranesimon.com |
| **Jeffrey C Dan** | jdan@cranesimon.com |
| **Patrick Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **Joseph A. Serpico** | atty1752@hotmail.com |

**Non-Registrants**
(Service via FedEx Priority Overnight)

**P+P Freight Forwarding, Inc.**
260 E. Shag-Bark Lane
Streamwood, IL 60107

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| P+P Freight Forwarding, Inc., | Bankruptcy No. 18-28250 |
| Debtor. | Honorable Timothy A. Barnes |

## MOTION FOR RELIEF FROM STAY

All-Star Delivery Systems, Inc. ("***All-Star***"), a third party herein, moves this honorable court to modify the automatic stay under 11 U.S.C. § 362(d), to allow All-Star to join P+P Freight Forwarding Inc. (the "***Debtor***") as a defendant in *Porreca Freight Forwarding, Inc. v. All-Star Delivery Systems, Inc.* (the "***State Court Case***"), currently pending in the Circuit Court of Cook County, Illinois (the "***State Court***"), docketed as case number 2019-L-001941. In support of the Motion, All-Star states as follows:

### JURISDICTION

1. This Court has jurisdiction over the above-captioned case (the "***Case***") and this motion pursuant to 28 U.S.C. §§ 157 and 1334. This Case is referred to this Court pursuant to Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the Case and of this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(G).

### BACKGROUND

3. On October 8, 2018 (the "***Petition Date***"), the Debtor filed for relief under Chapter 7 of the Bankruptcy Code, thereby commencing the above-captioned Case. Shortly thereafter, Eugene Crane was appointed as the interim chapter 7 trustee (the "***Trustee***") of the Debtor's bankruptcy estate (the "***Estate***").

4. The Debtor does not list any claims against All-Star on Schedule A/B of its bankruptcy petition,

5. On February 21, 2019, Porreca Freight Forwarding, Inc. ("**Porreca**") filed a complaint against All-Star in the State Court alleging that All-Star owes Porreca $42,583.80 (the "**Receivable**").

6. In 2018, the Debtor asserted that it was entitled to the Receivable rather than Porreca, and All-Star has raised the Debtor's assertion in the State Court Case.

7. The Trustee has advised All-Star that the Receivable belongs to the Estate on the grounds that the Debtor performed the services that led to the amounts owed in the Receivable. All-Star recognizes that the funds are owed to one entity, but given the Trustee's assertion of an interest in such funds, does not want to pay the wrong party.

## DISCUSSION

8. The Bankruptcy Code permits the automatic stay to be lifted for "cause." 11 U.S.C. § 362(d)(1).

9. "Cause" as used in Section 362(d) "has no clear definition and is determined on a case-by-case basis." *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th 1991).

10. The Seventh Circuit has adopted a three-factor test to determine whether "cause" exists to modify the automatic stay, asking whether: "(1) Any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit, (2) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and (3) the creditor has a probability of prevailing on the merits." 938 F.2d at 735 (citation omitted).

11. In the instant matter, All-Star seeks to have the automatic stay lifted so that the Debtor may be joined as a defendant in the State Court Case and the State Court may determine who, if anyone, is entitled to the Receivable. The State Court Case will not prejudice the Estate or create any hardships for the Estate, as neither

All-Star nor Porreca seeks to take anything away from the Estate and the Trustee will eventually have to determine whether the Receivable is, in fact, property of the Estate.

**Wherefore**, All-Star respectfully requests that the Court enter an order, substantially in the form submitted herewith, modifying the automatic stay to allow All-Star to join the Debtor as defendant in the State Court Case in order to determine who is entitled to the Receivable, and for such other relief as this Court deems appropriate.

Dated: June 14, 2019                    Respectfully submitted,

                                                    **All-Star Delivery Systems, Inc.**

                                                    By: */s/ Elizabeth Peterson*
                                                    One of Its Attorneys

William J. Factor (6205675)
Elizabeth Peterson (6294546)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-6976
Fax:   (847) 574-8233
Email:  epeterson@wfactorlaw.com